UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TERI ARCOREN,<br><br>                    Plaintiff,<br><br>vs.<br><br>DEPUY SYNTHES SALES, INC., DEPUY ORTHOPAEDICS, INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON SERVICES, INC., JOHNSON & JOHNSON INTERNATIONAL, MEDICAL DEVICE BUSINESS SERVICES, INC., DEPUY, INC., DEPUY SYNTHES PRODUCTS, INC., DEPUY SYNTHES, INC., DEPUY IRELAND UNLIMITED COMPANY, DEPUY SYNTHES JOHNSON & JOHNSON IRELAND LTD., JOHNSON & JOHNSON, DEPUY MITEK, INC.,<br><br>                    Defendants. | 3:23-CV-03011-RAL<br><br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

The complaint in this case was originally filed in the United States District Court for the District of New Jersey on November 14, 2022. Doc. 1. Upon a motion by the defense, the case was later transferred to this Court. Docs. 3, 5, 6. On July 17, 2023, the defendants' filed a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e), Doc. 11, and a Memorandum in support thereof, Doc. 12, that gave this Court reason to doubt the particularity of the plaintiff's complaint. The plaintiff did not contest the defendant's motion. So, on August 22, 2023, this Court granted the defendants' motion and ordered the plaintiff, Teri Arcoren, to file a more definite complaint within 21 calendar days form the date the Order was entered. Doc. 13.

1

This Court also ordered that the plaintiff obtain local counsel to comply with this Court's local rules.  Doc. 13 at 2.

Twenty-one calendar days have passed since this Court's Order Granting Motion for a More Definite Statement and Setting Deadline for Filing a Motion to Amend Complaint, and the plaintiff has yet to obtain local counsel or file a motion for leave to amend their complaint.  A "district court may, on its own motion, dismiss an action for [a] plaintiff's failure to comply with [a] court order."  Am. Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (citing Fed. R. Civ. P. 41(b)).  Further, Federal Rules of Civil Procedure 12(e) confers upon a district court the power to strike the pleading or dismiss the claim when a plaintiff fails to amend their complaint as ordered.  Schaedler v. Reading Eagle Prod., Inc., 370 F.2d 795, 798 (3rd Cir. 1967); City of Wichita v. Aero Holdings, Inc., No. 98-1360, 2000 U.S. Dist. Lexis 22481, *26 (D. Kan. April 5, 2000) ("Rule 12(e) and Rule 41(b) permit the Court to dismiss a claim because of a party's failure to comply with a court order to provide for a more definite statement of a claim.").

Unless otherwise specified, such a dismissal operates as an adjudication on the merits.  Kratage v. Charter Twp. of Com., 926 F. Supp. 102, 103 (E.D. Mich. 1996); see Brown v. Frey, 806 F.3d 801, 803 (8th Cir. 1986) (discussing Fed. R. Civ. P. 41(b)).  Dismissal on the merits, however, is a drastic result "which should be exercised sparingly," Frey, 806 F.3d at 803, because "it forecloses inquiry into the merits of the action" itself, see Schaedler, 370 F.2d at 799.  Generally, such a drastic result should be preserved for instances when there is a "clear record of delay or contumacious conduct by the plaintiff." Frey, 806 F.3d at 803 (citation omitted).  Although Arcoren has demonstrated a failure to comply with this Court's order, the record does not make clear that they were purposefully acting disobediently to delay the progress of litigation.

Therefore, it is hereby

ORDERED that the plaintiff's complaint be struck, and the case be dismissed without prejudice.

DATED this 18th day of September, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE